OPINION
{¶ 1} Defendant-Appellant Timothy Foster appeals from the denial of his petition for post-conviction relief. Because the trial court properly denied the petition without a hearing, the judgment of the trial court is Affirmed.
 {¶ 2} In April, 2003 Foster was indicted on one count of abduction, one count of felonious assault, and one count of domestic violence in connection with his beating of his live-in girlfriend, Beth Fyffe. While out on bond in July, 2003, Foster committed new crimes and was indicted on one count of abduction and one count of domestic violence, again involving crimes against Fyffe. The trial court granted the State's motion for joinder of the two cases.
 {¶ 3} After finding Foster competent to stand trial, a trial date was set. A jury found Foster guilty of the two counts of domestic violence and the one count of felonious assault, but the trial court dismissed the two counts of abduction pursuant to Crim.R. 29. Foster was sentenced to a total of seven years and eleven months imprisonment. Foster filed a direct appeal, arguing in part ineffective assistance of counsel. We affirmed his convictions and sentence. State v. Foster, Greene App. No. 2004-CA-19, 2005-Ohio-439.
 {¶ 4} Foster filed a petition for post-conviction relief, again arguing ineffective assistance of counsel. The trial court dismissed that petition without a hearing. Foster now appeals from that decision.
 II {¶ 5} Foster's sole assignment of error:
 {¶ 6} "The court erred in denying the appellant's petition for post-conviction relief without a hearing."
 {¶ 7} In his sole assignment of error, Foster claims that the trial court erred in denying his petition for post-conviction relief without first conducting a hearing. Specifically, Foster maintains that trial counsel was ineffective for failing to provide testimony regarding his mental background as it applied to the mens rea of his crimes. Foster also insists that the trial court should not have granted summary judgment in favor of the State because his affidavit and that of his mother raised a genuine issue of material fact.
 {¶ 8} We conclude that there is no genuine issue of material fact, because the trial court did not abuse its discretion in rejecting the credibility of the affidavits of Foster and his mother. Accordingly, the judgment of the trial court is affirmed.
 {¶ 9} "Hearings are not mandated for every post-conviction relief petition filed, and motions for summary judgment are appropriate methods of resolution for a petition for post-conviction relief, which is a civil proceeding. R.C. §2953.21(D). The defendant bears the initial burden of producing documents containing sufficient operative facts to demonstrate that a genuine issue of material fact exists before a hearing will be granted in proceedings for post-conviction relief. Statev. Jackson (1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819. `Upon a motion by the prosecuting attorney for summary judgment, a petition for post-conviction relief shall be dismissed where the pleadings, affidavits, files and other records show that there is no genuine issue as to any material fact, and there is no substantial constitutional issue established.' State v.Milanovich (1975), 42 Ohio St.2d 46, 325 N.E.2d 540, paragraph two of the syllabus." State v. Vinzant, Montgomery App. No. 19295, 2003-Ohio-2522, ¶ 11.
 {¶ 10} While due deference should be given to affidavits submitted in support of a petition for post-conviction relief, a trial court has discretion to judge their credibility when deciding if those affidavits should be accepted as true. Statev. Calhoun, 86 Ohio St.3d 279, 284, 1999-Ohio-102. When judging the credibility of an affidavit, the trial court should consider: "1) whether the judge reviewing the . . . petition also presided at the trial; 2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person; 3) whether the affidavits contain or rely on hearsay; 4) whether the affiants are relatives of the petitioner . . ., and 5) whether the affidavits contradict evidence proffered by the defense at trial." Id. at 285. Any one of these factors may be sufficient to justify the conclusion that an affidavit lacks credibility. Id.
 {¶ 11} Based on these factors, we conclude that the trial court did not abuse its discretion in rejecting the credibility of the affidavits of Foster and his mother. The same judge was reviewing the petition as presided over the trial. The affidavits were written in the same handwriting and some identical language. They contain and rely on hearsay. The affiants are Foster himself and a relative, his own mother. Therefore, we conclude that the trial court gave due deference to the affidavits and properly weighed their credibility within its discretion. Thus, the affidavits of Foster and his mother do not raise a genuine issue of material fact.
 {¶ 12} There being no genuine issue of material fact and no substantive grounds for relief, we conclude that the trial court did not err in electing not to conduct an evidentiary hearing or in granting summary judgment in favor of the State.
 III {¶ 13} Having overruled Foster's sole assignment of error, we Affirm the judgment of the trial court.
 . . . . . . . . . .
Brogan, J. and Fain, J., concur.
(Hon. Anthony Valen retired from the Twelfth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).